# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8268 | **DATE** | 10/16/2003 |
| **CASE TITLE** | PENA vs. KLM ROYAL DUTCH AIRLINES, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion (19-1) to dismiss is denied. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 20 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | Date/time received in central Clerk's Office | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTONIO PENA,

    Plaintiff,

v.

KLM ROYAL DUTCH AIRLINES and
NORTHWEST AIRLINES,

    Defendants,

- - - - - - - - - - - - - - - - - - - - - - -

KLM ROYAL DUTCH AIRLINES and
NORTHWEST AIRLINES,

    Defendants/Third-Party Plaintiffs,

v.

FLYING FOOD GROUP,

    Third Party Defendant.

No. 02 C 8268

Judge James B. Zagel

DOCKETED
OCT 2 0 2003

## MEMORANDUM OPINION AND ORDER

Antonio Pena filed a Complaint against KLM Royal Dutch Airlines ("KLM") and Northwest Airlines ("Northwest") seeking monetary damages for personal injuries allegedly resulting from defendants' negligent unloading of cargo containers. Pena claims that an improperly secured cargo container fell and struck him while a KLM airplane was being unloaded by a Northwest ground crew at O'Hare International Airport. Northwest was unloading the KLM airplane pursuant to a Ground Handling Agreement in effect between the two parties. According to the terms of the Ground Handling Agreement, KLM is required to defend and



indemnify Northwest against any complaints arising out of services provided by Northwest. KLM has acknowledged that Pena's Complaint falls under the Ground Handling Agreement and has agreed to defend and indemnify Northwest.

At the time of the accident, Pena was employed by the third party defendant, Flying Foods Group ("Flying Foods"). Flying Foods provides catering services to KLM pursuant to a Catering Agreement in effect between the parties. The Catering Agreement contains an indemnification provision that is the basis of KLM and Northwest's Amended Third Party Complaint. Under Section 16.2 of the Catering Agreement, Flying Foods is required to "indemnify and hold harmless KLM from any and all claims of any third parties arising from Services rendered by Caterer."

KLM and Northwest's Amended Third Party Complaint sets fourth three Counts against Flying Foods: (I) Flying Foods is contractually obligated to defend and indemnify KLM against Pena's Complaint, (II) Flying Foods is contractually obligated to defend and indemnify Northwest against Pena's Complaint and/or to defend and indemnify KLM against any liability claimed by Northwest, and (III) Flying Foods must make contribution in an amount equal to the sum recovered by Pena. Flying Foods has moved to dismiss Count II of the Amended Third Party Complaint under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim under which relief can be granted.

A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all

2

well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l. Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

In Count II of the Amended Third Party Complaint, KLM and Northwest assert that Flying Foods is obligated to defend and indemnify Northwest against Pena's Complaint and/or indemnify KLM against any claims made by Northwest. Essentially, Count II can be broken down into two claims: (1) Flying Foods is obligated to defend and indemnify KLM against Northwest's claims and (2) Flying Foods is obligated to defend and indemnify Northwest.

KLM and Northwest argue that the Catering Agreement requires Flying Foods to defend and indemnify KLM against defense and indemnification claims made by Northwest resulting from Pena's lawsuit. Flying Foods has its own contractual agreement with KLM, which may require Flying Foods to defend and indemnify KLM against Northwest's claims. According to Section 16.2 of the Catering Agreement, Flying Foods is required to indemnify KLM against all third party claims resulting from catering services provided by Flying Foods. Under Illinois law, "unless a contract is ambiguous, its meaning must be determined from the words used." *Westinghouse Electric Elevator Co. v. La Salle Monroe Bldg. Corp.*, 70 N.E.2d 604, 606 (1946).

The terms of the Catering Agreement clearly state that Flying Foods is required to indemnify KLM against claims made by third parties arising from catering services rendered by Flying Foods. KLM and Northwest have claimed that Northwest is a third party within the scope of the Catering Agreement and that Pena, an employee of Flying Foods, was providing catering services within the scope of the Catering Agreement. If KLM and Northwest are correct, Flying Foods may be contractually obligated to indemnify KLM for any liability assigned to it by Northwest. Thus, Count II of the Amended Third Party Complaint sufficiently alleges a basis for

Flying Foods's contractual obligation to indemnify KLM against claims made by Northwest. To the extent Count II alleges that Flying Foods has a contractual obligation to indemnify KLM against claims made by Northwest, it is not dismissed.

Finally, KLM and Northwest argue that the Catering Agreement requires Flying Foods to defend and indemnify Northwest directly against Pena's Complaint. They contend that Northwest is an agent of KLM and as such is entitled to the same defense and indemnity as KLM. In my view, however, the Catering Agreement cannot reasonably be interpreted to extend Flying Foods's liability beyond KLM. Under Illinois law, "contracts of indemnity are to be strictly construed and the courts will not read into the contract an indemnity term where it is clear from the language of the contract that no such term was intended." *Talandis Constr. Corp. v. Illinois Bldg. Authority*, 321 N.E.2d 154, 158 (Ill. App. Ct. 1st. Dist. 1974); see also *Westinghouse Electric Elevator Co. v. La Salle Monroe Bldg. Corp.*, 70 N.E.2d 604, 607 (1946). Additionally, there is a strong presumption against the court adding provisions that easily could have been included by the parties themselves. *Klemp v. Hergott Group Inc.*, 641 N.E.2d 957, 962 (Ill. App. Ct. 1st Dist. 1994).

The Catering Agreement between KLM and Flying Foods states only that Flying Foods is required to indemnify KLM. Even though KLM and Flying Foods could have easily added references to agents and employees, they did not do so. Since the Catering Agreement did not include terms regarding indemnification of KLM's agents and employees, I will not add them now. Without such terms, the Catering Agreement cannot reasonably be interpreted as requiring Flying Foods to defend and indemnify Northwest directly. Therefore, I dismiss Count II of the

4

Amended Third Party Complaint to the extent that Count II alleges Flying Foods is obligated to defend and indemnify Northwest against Pena's Complaint.

For the reasons stated above, Flying Foods's motion to dismiss is DENIED as to its contractual obligation to defend and indemnify KLM against Northwest's claims and is GRANTED as to its contractual obligation to defend and indemnify Northwest.

ENTER:

James B. Zagel
United States District Judge

DATE: 16 October 2003